UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KORANE K. WOMACK,

                             Plaintiff,

   v.                                                                       9:25-CV-0213
                                                                               (AMN/DJS)

CORRECTIONS OFFICER HARRISON, *et al.*,

                             Defendants.

---

**APPEARANCES:**

KORANE K. WOMACK
Plaintiff, pro se
17-B-0262
Attica Correctional Facility
Box 149
Attica, New York 14011

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

### I. INTRODUCTION

Plaintiff Korane K. Wright is proceeding pro se and in forma pauperis ("IFP") with this civil rights action filed pursuant to 42 U.S.C. § 1983 ("Section 1983"). By Decision and Order entered on March 13, 2025, this Court granted plaintiff's IFP application, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that plaintiff's Eighth Amendment

excessive force and failure-to-intervene claims against defendants Harrison, Corrections Officer John Doe #1, Corrections Officer John Doe #2, Corrections Officer John Doe #3, Corrections Officer John Doe #4, Corrections Sergeant John Doe #1, and Corrections Sergeant John Doe #2 survived sua sponte review. Dkt. No. 4 ("March 2025 Order").

Thereafter, the U.S. Marshal attempted to effect service of the complaint on defendant Harrison. However, the summons was returned unexecuted, Dkt. No. 9, along with a cover letter from the Inmate Records Coordinator at Clinton Correctional Facility, which indicates that "no one" with the last name Harrison has been employed at the facility between 2023 and the present, Dkt. No. 9-1 ("Service Response Letter").

## II. DISCUSSION

In light of the Service Response Letter, directing the U.S. Marshal to attempt personal service on defendant Harrison would be an exercise in futility. Moreover, other than this official, each of the remaining defendants in this case are "Doe" defendants. *See* March 2025 Order. Accordingly, the Clerk shall send a copy of the complaint, the March 2025 Order, the Service Response Letter, and this Decision and Order to the New York State Attorney General's Office. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court requests that the New York State Attorney General's

Office attempt to ascertain the correct name of "Corrections Officer Harrison" and each of the "Doe" defendants based on the information provided by plaintiff in his complaint.

The Attorney General's Office is also requested to provide the address where Officer Harrison" or any identified "Doe" defendant can currently be served. The Attorney General's Office need not undertake to defend or indemnify Corrections Officer Harrison or any "Doe" defendant at this juncture. This order merely provides a means by which plaintiff may name and properly serve these officials as instructed by the Second Circuit in *Valentin*.

The New York State Attorney General's Office is hereby requested to produce the information specified above, to the extent that it can, within thirty (30) days of the filing date of this Decision and Order. The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Decision and Order. The New York State Attorney General's Office should send plaintiff information regarding "Officer Harrison" and the "Doe" defendants at his address of record. Once this information is provided, the Clerk shall return this file to the Court for further review.

### III. CONCLUSION

**WHEREFORE**, it is hereby

3

**ORDERED** that the Clerk shall serve a copy of the complaint (Dkt. No. 1), the March 2025 Order (Dkt. No. 4), the Service Response Letter (Dkt. No. 9-1) and this Decision and Order on the New York State Attorney General's Office by electronic mail; and it is further

**ORDERED** that the New York State Attorney General's Office is hereby requested, to the extent possible, to produce, within thirty (30) days of the filing date of this Decision and Order, the information specified above regarding the identity of "Officer Harrison" and the "Doe" defendants. Upon receipt of a response from the New York State Attorney General's Office, as directed above, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve plaintiff with a copy of the unexecuted summons (Dkt. No. 9), the Service Response Letter (Dkt. No. 9-1), and this Decision and Order.

**IT IS SO ORDERED**.

Date: April 9, 2025
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge