**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KORANE K. WOMACK,

                                    Plaintiff,

                                                                           9:25-CV-0213
v.                                                                         (AMN/DJS)

CORRECTIONS OFFICER JOHN DOE #1, et al.,

                                  Defendants.

**APPEARANCES:**

KORANE K. WOMACK
Plaintiff, pro se
17-B-0262
Attica Correctional Facility
Box 149
Attica, New York 14011

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

### I. INTRODUCTION

      Plaintiff Korane K. Womack commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1, Compl.; Dkt. No. 2. By Decision and Order entered on March 13, 2025, this Court granted plaintiff's IFP Application, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against defendants Harrison, Corrections Officer John Doe #1, Corrections Officer John Doe #2,

Corrections Officer John Doe #3, Corrections Officer John Doe #4, Corrections Sergeant John Doe #1, and Corrections Sergeant John Doe #2 survived sua sponte review and required a response. Dkt. No. 4 ("March 2025 Order"). Thereafter, a summons was issued for defendant Harrison, *see* Dkt. No. 6, which was returned to the Court unexecuted, *see* Dkt. No. 9, with a cover letter from the Inmate Records Coordinator at Clinton Correctional Facility indicating that no official with the last name of "Harrison" has been employed at the facility from 2023 to the present. *See* Dkt. No. 9-1 ("Service Response Letter").

By Decision and Order entered on April 9, 2025, the Court directed the Clerk of Court to send a copy of the complaint, March 2025 Order, and Service Response Letter to the New York State Attorney General's Office and requested that the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997), attempt to ascertain the correct name of "Officer Harrison" and each of the "Doe" defendants identified in the complaint. Dkt. No. 10 ("April 2025 Order"). Thereafter, a representative from the New York State Attorney General's Office filed a letter advising the Court as to the potential names of each "Doe" defendant and "Officer Harrison." Dkt. No. 12 ("Doe Letter"). By Text Order entered on May 22, 2025, this Court directed plaintiff to file a proper amended complaint substituting named defendants in place of the remaining "Doe" defendants (and defendant "Harrison") if he wished to proceed with claims against these officials. Dkt. No. 13.

Presently before the Court is plaintiff's amended complaint. Dkt. No. 14 ("Am. Compl.").

## II. DISCUSSION

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the March 2025 Order and it will not be restated in this Decision and Order. *See* March 2025 Order at 3-5.

Plaintiff's amended complaint is virtually identical to the original complaint in substance, except that plaintiff has now identified Corrections Officer Harrison as Corrections Officer N. Harrington, and the "Doe" officials as Corrections Officer J. Mahan, Corrections Officer D. Conger, Corrections Sergeant E. Scott, Corrections Sergeant C. Lapier, and Corrections Sergeant E. Fessette. *Compare* Compl. *with* Am. Compl.

Liberally construed, the allegations in the amended complaint assert Eighth Amendment excessive force and failure-to-intervene claims against defendants Harrington, Mahan, D. Conger, E. Scott, C. Lapier, and E. Fessette.

In light of the March 2025 Order, and mindful of the requirement to liberally construe pro se pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's Eighth Amendment claims survive sua

sponte review and require a response.[1]  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 14) is accepted for filing and will supersede and replace the original complaint as the operative pleading; and it is further

**ORDERED** that the Clerk shall update the docket as follows: (1) add Corrections Officer N. Harrington as a party in place of Corrections Officer Harrison; (2) add Corrections Officers J. Mahan and D. Conger as parties in place of the "Doe" Corrections Officers; and (3) add E. Scott, C. Lapier, and E. Fessette as parties in place of the "Doe" Corrections Sergeants; and it is further

**ORDERED** that plaintiff's Eighth Amendment claims against defendants Harrington, Mahan, D. Conger, E. Scott, C. Lapier, and E. Fessette **SURVIVE sua sponte review** and require a response; and it is further

**ORDERED** that the Clerk shall issue summonses for service on defendants Harrington, Mahan, D. Conger, E. Scott, C. Lapier, and E. Fessette, and forward these documents, along with six copies of the amended complaint, to the United States Marshal for service upon these officials; and it is further

---

[1] The Clerk is directed to substitute N. Harrington for "Officer Harrison" and J. Mahan, D. Conger, E. Scott, C. Lapier, and E. Fessette for the "Doe" defendants.

**ORDERED** that upon the completion of service, a response to plaintiff's amended complaint be filed by the defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Date:   July 21, 2025
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge